FILED
03 JUL 31 PM 3: 31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WALTER MARION WATSON, ELZIRAH
FINLEY DRAKE, and ELVIRAH Z. FINLEY,

    Plaintiffs,

vs.

PATRICIA FUHRMEISTER, in her official
capacity as Probate Judge of Shelby County
and member of the Election Canvassing Board;
CHRISTOPHER CURRY, in his official capacity
as Sheriff of Shelby County County and
member of the Election Canvassing Board; and
MARY H. HARRIS, in her official capacity as
Circuit Clerk of Shelby County and member of
the Election Canvassing Board;

    Defendants.

CV-03-BE-1960-S


ENTERED
JUL 3 1 2003

**Memorandum Opinion on Temporary Restraining Order**

    This case is before the court on the Plaintiff's complaint and request for Temporary Restraining Order to enjoin an election scheduled for August 5, 2003, in Shelby County and for other relief under the Voting Rights Act. The parties submitted this matter to the court on the Stipulation of Parties, and waived a hearing on the matter. After consideration of the complaint, the factual stipulations, and the relevant law, the court concludes that irreparable harm will result if the temporary restraining order is not issued for the reasons stated below. The court adopts and incorporates by reference the facts set forth in the Stipulation of Parties.

    Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, requires that certain jurisdictions must receive "preclearance" from a federal court or the U.S. Attorney General before enforcing any changes in their election laws.

    Section 5 applies only to certain jurisdictions in the United States. Section 4 of the Act sets out a test to determine whether the jurisdiction is covered: "in any State or

in any political subdivision of a State which (1) the Attorney General determines maintained on November 1, 1964, any test or device, and with respect to which (2) the Director of the Census determines that less than 50 per centum of the persons of voting age residing therein were registered on November 1, 1964, or that less than 50 per centum of such persons voted in the presidential election of November 1964." If a state is covered, every subdivision within the state is covered. If a county is covered, then all the subdivisions within the county are covered, as well. Political parties operating within a covered jurisdiction are covered.[1]

Rather than using the formula, the easiest way to find if a jurisdiction is covered is to check the "Procedures for the Administration of Section 5 of the Voting Rights Act," 28 CFR Part 51. Alabama is listed as a covered jurisdiction.

Section 5 applies to "any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting." The Justice Department Procedures list 11 types of changes as examples, but this is not all-inclusive.[2] Some of these changes include redistricting, annexation, changes in the requirements for running for office, changes in campaign regulations, changes in voter registration procedures, hours, or places of registration, changes in absentee voting procedures or qualifications, and making an appointive office elective or vice versa.

Two routes lie to obtain preclearance — administrative or judicial. A jurisdiction may seek preclearance by bringing a declaratory judgment action in the U.S. Court for the District of Columbia against the Attorney General or the United States. A special three-judge panel with two district judges and one circuit judge hears the case. Review of the decision of the court is by appeal to the U.S. Supreme Court. Citizens

---

[1] 28 CFR § 51.7; *Morse v. Republican Party of Virginia*, 517 U.S. 186 (1996).

[2] 28 CFR § 51.13.

opposed to preclearance sometimes intervene as defendants in these declaratory judgment actions.[3]

The vast majority of all preclearance requests are administrative for two reasons: speed and informality. The Department has only 60 days to object once it has received all the information it needs to make its determination. Its failure to object during that time means that no impediment precludes enforcement of the new law or practice.

If a jurisdiction has not submitted a change for preclearance or the Department has objected, the new law or practice is not enforceable. If the jurisdiction indicates that it will put the new law into effect without preclearance, the Justice Department or an individual affected by the law may seek an injunction against enforcement of the law. The suit should be brought in the U.S. District Court having jurisdiction over the defendants in the suit.[4] This case will also be heard by a special three-judge district court with an appeal to the U.S. Supreme Court.

This local federal court may only adjudicate whether a change in the election laws has not been precleared; if so, the court must enjoin the enforcement of the law. The court does not have the authority to preclear the changed practice.[5]

The parties in this case have entered into a stipulation that no government official has obtained preclearance for Act 816 of 1965, nor its amendments: Act 82-693, Act 82-771, Act 85-464, Act 87-771, Act 89-673, Act 84-454, and Act 84-484. These Acts will be referred to collectively as "the Planning Commission Act." The Planning Commission Act provides that Shelby County shall have a Planning Commission, but limits the authority of the Commission (1) to unincorporated territory and (2) to each

---

[3]*Reno v. Bossier Parish School Board*, 120 S.Ct. 866 (2000) (*Bossier Parish II*).

[4]*Allen v. State Board of Elections*, 393 U.S. 544 (1969).

[5]*United States v. Board of Sup'rs of Warren County, Miss.*, 429 U.S. 642 (1977).

precinct of the county where the voters have approved the precinct's inclusion. Section 8 of Planning Commission Act requires the Probate Judge to call a special election within 30 to 45 days after the date on which she receives a proper petition for an election in a particular beat.

Under the authority of the Planning Commission Act, a special election has been called for August 5, 2003, in Precinct 14 of Shelby County on the question of whether Precinct 14 will become subject to the authority of the Planning Commission of Shelby County. Unless restrained by this court, this election will take place and the Election Canvassing Board (established by Ala. Code § 17-14-1 and composed of the Probate Judge, the Sheriff, and the Circuit Clerk – the defendants in this action) will make a correct statement of the total number of votes cast in an election and certify the results. No way exists to "unring that bell."

Even though a three-judge court must make the ultimate decision in this case, a single judge is authorized by 28 U.S.C. § 2284(b)(3) to "grant a temporary restraining order on a specific finding, based on evidence submitted, that specified irreparable damage will result if the order is not granted." The purpose of § 5 is "to shift the advantage of time and inertia from the perpetrators of the evil to its victims."[6] This court, therefore, must restrain the defendants from carrying out this election in violation of the Voting Rights Act.

A separate order will be entered restraining the defendants for a ten-day period from enforcing the Planning Commission Act by holding a special election in Precinct 14 of Shelby County.

DONE and ORDERED this 31st day of July 2003.

Karon O. Bowdre, U.S. District Judge

---

[6] *South Carolina v. Katzenbach*, 383 U.S. 301, 328 (1966).